UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE OWEN ELLIS, JR., | CASE NO. 1:10-cv-01825-GBC (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | |
| ELLEN GREENMAN, et al., | (ECF No. 1) |
| Defendants. | FIRST AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

**SCREENING ORDER**

**I.   PROCEDURAL HISTORY**

Plaintiff Joe Owen Ellis ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on October 4, 2010 and consented to Magistrate Judge jurisdiction on October 14, 2010.  (ECF Nos. 1 & 5.)   No other parties have appeared.

Plaintiff's Complaint is now before the Court for screening.  For the reasons set forth below, the Court finds that Plaintiff has failed to state any claims upon which relief may be granted.

**II.   SCREENING REQUIREMENTS**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which

1

relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

### III. SUMMARY OF COMPLAINT

Plaintiff alleges violations of his Eighth Amendment right to receive adequate medical care. Plaintiff names the following individuals as Defendants: Ellen Greenman, MD; S. Abdou, MD; P. Safi, PA; Felix Igbinosa, CMD; and A. Manasrah, NP. Greenman, Abdou, Safi, and Igbinosa were all employed at Avenal State Prison at the time of the incidents. Manasrah was employed at Pleasant Valley State Prison at the time of the incidents.

Plaintiff alleges as follows: On April 6, 2009, Plaintiff's left knee was examined by Defendant Abdou. Abdou noted that there was a tear and prescribed physical therapy. Eventually Plaintiff's knee became more painful and he found it difficult to stand or walk for long periods of time. Plaintiff placed several sick calls and was seen by an RN. On June 1, 2009, Plaintiff was seen by Defendant Safi who told Plaintiff that he was not there to examine his knee, but only to discuss a 602 appeal. On August 11, 2009, Plaintiff was told by the physical therapist that he did not know what was wrong with his knee and that Plaintiff should go back to the doctor.

In November 2009, Plaintiff was transferred to Pleasant Valley State Prison. Plaintiff was seen by a doctor about his knee. The doctor ordered x-rays. In April 2010, Plaintiff was seen by Defendant Manasrah who ordered blood work and physical therapy, but would not order an MRI even after Plaintiff explained that physical therapy had not worked in the past. Eventually, surgery was ordered.

Plaintiff seeks compensatory and punitive damages, and to have all of his medical needs regarding his left knee taken care of.

## IV. ANALYSIS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).

### A. Eighth Amendment Claims

Plaintiff alleges inadequate medical care and deliberate indifference to his serious injury.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc) (internal quotations

3

omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Jett, 439 F.3d at 1096 (citing McGuckin, 974 F.2d at 1060). In order to state a claim for violation of the Eighth Amendment, a plaintiff must allege sufficient facts to support a claim that the named defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health . . . ." Farmer v. Brennan, 511 U.S. 825, 837 (1994).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-06). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995); McGuckin, 974 F.2d at 1050, overruled on other grounds, WMX, 104 F.3d at 1136. Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Also, "a difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted). A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

If the claim alleges mere delay of treatment, the inmate must establish that the delay

resulted in some harm. McGuckin, 974 F .2d at 1060 (citing Shapley v. Nevada Board of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985) (per curiam)). The delay need not cause permanent injury. McGuckin, 974 F.2d at 1060; see also Hudson v. McMillian, 503 U.S. 1, 10 (1992). Unnecessary infliction of pain is sufficient to satisfy this requirement. Id.

Plaintiff has failed to allege sufficient facts to state an Eighth Amendment deliberate indifference claim.

As to Defendant Abdou, Plaintiff states that he saw Abdou at least once and that Abdou prescribed physical therapy for Plaintiff's knee.[1] This does not demonstrate deliberate indifference. It appears as though Plaintiff merely disagreed with Defendant Abdou's chosen course of treatment. Thus, Plaintiff's claim fails.

As to Defendant Safi, Plaintiff states that he was interviewed by Safi about a grievance he had filed. This does not state an Eighth Amendment claim. Safi was apparently not seeing Plaintiff to examine his knee but to find out more about the grievance Plaintiff had filed.

As to Defendant Manasrah, Plaintiff states that he saw Manasrah who ordered physical therapy and blood work. This again does not demonstrate deliberate indifference to a serious medical need. Plaintiff was seen and received treatment. Merely disagreeing with the treatment received does not state a cognizable Eighth Amendment claim.

Plaintiff will be given leave to amend this claim. In his amended complaint, he must demonstrate more than a disagreement with the treatment prescribed. Plaintiff must show that the course of treatment Defendants chose was medically unacceptable under the circumstances and that they chose this course in conscious disregard of an excessive risk to Plaintiff's health.

**B.   Personal Participation and Supervisory Liability**

Plaintiff does not attribute any action, unconstitutional or otherwise, to Igbinosa or

---

[1] The Court also notes that it appears from the attachments that Defendant Abdou prescribed pain medication and later increased the dosage.

5

Greenman. Plaintiff may be arguing that these named Defendants are liable for the conduct of their subordinates as neither of them were present and, therefore, did not participate in the complained of conduct as currently described by Plaintiff.

Under Section 1983, Plaintiff must demonstrate that each named Defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). The Supreme Court has emphasized that the term "supervisory liability," loosely and commonly used by both courts and litigants alike, is a misnomer. Iqbal, 129 S.Ct. at 1949. "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." Id. at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49.

When examining the issue of supervisor liability, it is clear that the supervisors are not subject to vicarious liability, but are liable only for their own conduct. Jeffers v. Gomez, 267 F.3d 895, 915 (9th Cir. 2001); Wesley v. Davis, 333 F.Supp.2d 888, 892 (C.D.Cal. 2004). In order to establish liability against a supervisor, a plaintiff must allege facts demonstrating (1) personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. Jeffers, 267 F.3d at 915; Wesley, 333 F.Supp.2d at 892. The sufficient causal connection may be shown by evidence that the supervisor implemented a policy so deficient that the policy itself is a repudiation of constitutional rights. Wesley, 333 F.Supp.2d at 892 (internal quotations omitted). However, an individual's general responsibility for supervising the operations of a prison is insufficient to establish personal involvement. Id. (internal quotations omitted).

Supervisor liability under Section 1983 is a form of direct liability. Munoz v. Kolender, 208 F.Supp.2d 1125, 1149 (S.D.Cal. 2002). Under direct liability, Plaintiff must show that Defendant breached a duty to him which was the proximate cause of his injury.

6

Id. "'The requisite causal connection can be established . . . by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury.'" Id. (quoting Johnson v. Duffy, 588 F.2d 740, 743-744 (9th Cir. 1978)).  However "where the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." Star v. Baca, 633 F.3d 1191, 1196 (9th Cir. 2011).

Plaintiff has not alleged facts demonstrating that any of the named Defendants personally acted to violate his rights.  In particular, Plaintiff fails to mention Defendant Igbinosa at all.  Plaintiff must specifically link each Defendant to a violation of his rights. It appears as though Plaintiff may be attempting to hold some Defendants (Greenman) liable for her involvement in his inmate grievance and appeals.  Plaintiff should note that actions in reviewing a prisoner's administrative appeal cannot serve as the basis for liability under a Section 1983 action.  Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993)

Plaintiff shall be given the opportunity to file an amended complaint curing the deficiencies described by the Court in this order.

**V.      CONCLUSION AND ORDER**

The Court finds that Plaintiff's Complaint fails to state any Section 1983 claims upon which relief may be granted.  The Court will provide Plaintiff time to file an amended complaint to address the potentially correctable deficiencies noted above.  See Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). In his Amended Complaint, Plaintiff must demonstrate that the alleged incident or incidents resulted in a deprivation of his constitutional rights.  Iqbal, 129 S.Ct. at 1948-49.  Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555).  Plaintiff must also demonstrate that each defendant personally participated in the deprivation of his rights.  Jones, 297 F.3d at 934.

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new defendants or claims.  Plaintiff should focus the

1  amended complaint on claims and defendants discussed herein.

2      Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint
3  be complete in itself without reference to any prior pleading.  As a general rule, an
4  amended complaint supersedes the original complaint.  <u>See</u> <u>Loux v. Rhay</u>, 375 F.2d 55,
5  57 (9th Cir. 1967).  Once an amended complaint is filed, the original complaint no longer
6  serves any function in the case.  Therefore, in an amended complaint, as in an original
7  complaint, each claim and the involvement of each defendant must be sufficiently alleged.
8  The amended complaint should be clearly and boldly titled "First Amended Complaint,"
9  refer to the appropriate case number, and be an original signed under penalty of perjury.

10     Based on the foregoing, it is HEREBY ORDERED that:

11     1.    Plaintiff's Complaint is dismissed for failure to state a claim, with leave to file an amended complaint within thirty (30) days from the date of service of this order;

14     2.    Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:10-cv-1825-GBC (PC); and

16     3.    If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated:   June 16, 2011

UNITED STATES MAGISTRATE JUDGE