# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOE OWEN ELLIS, JR.,<br><br>  Plaintiff,<br><br>  v.<br><br>ELLEN GREENMAN, et al.,<br><br>  Defendants.<br>_____/ | CASE NO. 1:10-cv-01825-GBC (PC)<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED<br><br>Doc. 11 |

**I. Procedural History, Screening Requirement, and Standard**

On October 4, 2010, Plaintiff Joe Owen Ellis, Jr., ("Plaintiff"), a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983. Doc. 1. On June 17, 2011, the Court issued a screening order, dismissing Plaintiff's complaint, with leave to amend. Doc. 8. On August 26, 2011, Plaintiff filed a first amended complaint. Doc. 11.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Ashcroft v. Iqbal*, 556 U.S. 662, __, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), and courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009). While factual allegations are accepted as true, legal conclusions are not. *Iqbal*, 129 S. Ct. at 1949.

While prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, the pleading standard is now higher, *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). Under § 1983, plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. *Iqbal*, 129 S. Ct. at 1949-50; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. *Iqbal*, 129 S. Ct. at 1949-50; *Moss*, 572 F.3d at 969.

Section 1983 provides a cause of action for the violation of constitutional or other federal rights by those acting under color of state law. *E.g.*, *Patel v. Kent School Dist.*, 648 F.3d 965, 971 (9th Cir. 2011); *Jones*, 297 F.3d at 934. For each defendant named, plaintiff must show a causal link between the violation of his rights and an action or omission of the defendant. *Iqbal*,129 S. Ct. at 1949-50; *Starr v. Baca*, 652 F.3d 1202, 1205-06 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009). There is no respondeat superior liability under § 1983, and each defendant may only be held liable for misconduct directly attributed to him or her. *Iqbal*, 129 S. Ct. at 1949-50; *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

## II. Allegations in Plaintiff's First Amended Complaint

In Plaintiff's first amended complaint, he names Defendants Ellen Greenman, MD; S. Abdou, MD; P. Safi, PA - C; Felix Igbinosa, M.D. - CMD; and A. Manasrah, NP. Am. Compl. at 1-2, Doc. 11. Greenman, Abdou, and Safi were employed at Avenal State Prison at the time of the incidents, and Igbinosa and Manasrah were employed at Pleasant Valley State Prison ("PVSP"). *Id.* at 3-4. Plaintiff alleges that on March 3, 2009, he was seen by Dr. Abdou because he was going to stop Plaintiff's medication. *See id.* at 5 & 16. Plaintiff told Dr. Abdou he was having lots of pain in his

left knee. *Id.* Dr. Abdou responded that Plaintiff was not being seen for that symptom and told him to leave. *Id.* On March 24, 2009, Safi prescribed Plaintiff his pain medication. *See id.* at 12. On April 6, 2009, Plaintiff was seen by Dr. Abdou, who examined Plaintiff's knee and referred him to physical therapy. *See id.* at 5 & 12. For the next few months, it became difficult for Plaintiff to stand on his knee. *See id.* On June 1, 2009, Plaintiff told Safi about Plaintiff's knee, and Safi told Plaintiff that he was only being seen his inmate appeal. *Id.* On August 11, 2009, Plaintiff went to physical therapy. *Id.* On October 15, 2009, Dr. Greenman advised physical therapy. *Id.* at 6. In November 2009, Plaintiff was transferred to PVSP. *Id.* At intake, they ordered x-rays. *Id.* In April 2010, Plaintiff told Manasrah that he wanted an MRI, but Manasrah said that an MRI is too expensive. *Id.* On July 2, 2010, Dr. Park ordered an MRI, which revealed a tear in Plaintiff's knee. *Id.* On August 18, 2010, Plaintiff was referred for surgery, but Dr. Tatlerpour told Plaintiff that since he has Valley Fever, he will be unable to obtain knee surgery until the Valley Fever is under control. *Id.* at 7. Plaintiff states that due to Defendants' negligence, he is unable to obtain the surgery until his Valley Fever is under control. *Id.* For relief, Plaintiff seeks injunctive relief and compensatory and punitive damages. *Id.* at 10.

### III. Legal Standard and Analysis for Plaintiff's Claims

#### A. Eighth Amendment Deliberate Indifference to Serious Medical Need

#### 1. Legal Standard

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)).

Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's

pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Under § 1983, Plaintiff must link the named defendants to the participation in the violation at issue. *Iqbal*, 129 S. Ct. at 1948-49; *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing*, 588 F.3d at 1235; *Jones v. Williams*, 297 F.3d at 934. Liability may not be imposed on supervisory personnel under the theory of respondeat superior, *Iqbal*, 129 S. Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales*, 567 F.3d at 570; *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997). Some culpable action or inaction must be attributable to defendants and while the creation or enforcement of, or acquiescence in, an unconstitutional policy may support a claim, the policy must have been the moving force behind the violation. *Starr*, 652 F.3d at 1205; *Jeffers v. Gomez*, 267 F.3d 895, 914-15 (9th Cir. 2001); *Redman v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991); *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989).

Plaintiff may not seek to impose liability on Defendants merely upon position of authority, based on vague or other conclusory allegations. Plaintiff fails to allege sufficient facts to support a plausible claim based on the knowing disregard of a substantial risk of harm to Plaintiff's health. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner, and *Estelle*, 429 U.S. at 106; *McGuckin*, 974 F.2d at 1059, and isolated occurrences of neglect do not rise to the level of an Eighth Amendment violation, *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990); *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990).

**2. Analysis**

Plaintiff fails to state a cognizable Eighth Amendment claim. Plaintiff makes no allegations with regard to Defendant Felix Igbinosa, M.D. - CMD, and Plaintiff cannot Defendant Igbinosa liable under the theory of respondeat superior. *Iqbal*, 129 S. Ct. at 1948-49. Plaintiff alleges that Defendants failed to refer Plaintiff for an MRI and failed to properly diagnose the tear in his knee. Am. Compl. at 7, Doc. 11. Plaintiff's amended complaint demonstrates that Defendants were not indifferent to Plaintiff's complaints but referred Plaintiff for physical therapy for his knee. *See id.* at 5-7 & 12. Plaintiff's allegations, at most, may amount to negligence, which is insufficient to hold a defendant liable for <u>deliberate</u> indifference to a serious medical need, under the Eighth Amendment.

Neither an inadvertent failure to provide adequate medical care, nor mere negligence or medical malpractice, nor a mere delay in medical care, nor a difference of opinion over proper treatment, constitutes an Eighth Amendment violation. *See Estelle*, 429 U.S. at 105-06; *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); *Shapley v. Nev. Bd. of State Prison Comm'r*, 766 F.2d 404, 407 (9th Cir. 1984). Moreover, the Constitution does not require that prison doctors give inmates every medical treatment they desire. *Bowring v. Godwin*, 551 F.2d 44, 47-48 (4th Cir. 1977). To establish a constitutional right to treatment under the Eighth Amendment, an inmate must show that a physician or other health care provider exercising ordinary skill and care at the time of observation would conclude with *reasonable medical certainty* that: (1) the prisoner's symptoms evidenced a <u>serious disease or injury</u>; (2) the disease or injury was curable or could be substantially alleviated; and (3) the potential for harm to the prisoner by reason of delay or denial of care would be substantial. *Id.* "The courts will not intervene upon allegations of mere negligence, mistake or difference of opinion." *Id.* at 48 (emphasis added); *see also Sanchez*, 891 F.2d at 242. In addition, gross negligence is insufficient to establish deliberate indifference. *See Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990). <u>As a matter of law, differences of opinion between prisoner and prison doctors fails to show deliberate indifference to serious medical needs</u>. *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (emphasis added).

Neither negligence nor gross negligence is actionable under § 1983 in the prison context. See

*Farmer v. Brennan*, 511 U.S. 825, 835-36 & n.4 (1994); *Wood*, 900 F.2d at 1334 (gross negligence insufficient to state claim for denial of medical needs to prisoner). Nor is negligence actionable under § 1983 outside of the prison context. The Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process. *See County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998). The Eighth Amendment's prohibition of cruel and unusual punishment applies to prison medical care (and the Fourteenth Amendment's right to due process applies to jail medical care); however, an Eighth Amendment or Fourteenth Amendment violation only occurs if there is deliberate indifference to a known risk to an inmate's serious medical condition.

Thus, even with liberal construction, the amended complaint does not allege deliberate indifference to a medical need because that high standard requires that the defendant actually *knew of and acted in conscious disregard* of a known serious risk. The amended complaint will be dismissed for failure to state a claim upon which relief may be granted.

### IV. Conclusion

Plaintiff's first amended complaint fails to state any claims upon which relief may be granted. Plaintiff was previously notified of the deficiencies in the claims and granted leave to amend but was unable to cure the deficiencies. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Based on the record in this case, the Court finds that further leave to amend is not warranted.

Accordingly, pursuant to 28 U.S.C. §§ 1915A and 1915(e), IT IS HEREBY ORDERED that:

1. This action is DISMISSED, with prejudice, based on Plaintiff's failure to state any claims upon which relief may be granted under § 1983; and

2. The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

Dated:   March 26, 2012

_____
UNITED STATES MAGISTRATE JUDGE